**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TEMPUR-PEDIC NORTH AMERICA, LLC; TEMPUR-PEDIC MANAGEMENT, LLC; and DAN-FOAM ApS,

Plaintiffs,

vs.

CASE NO. 8:18-cv-02147-VMC-SPF

MATTRESS FIRM, INC.; THER-A-PEDIC ASSOCIATES, INC.; SINOMAX GROUP LIMITED, and SINOMAX USA, INC.,

Defendants.
_____/

### PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiffs, Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC, and Dan-Foam ApS (collectively "Plaintiffs"), move for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 4.05(a) against Defendants, Mattress Firm, Inc., Ther-A-Pedic Associates, Inc., Sinomax USA, Inc., and Sinomax Group Limited (collectively "Defendants"). This motion is supported by (1) the Declaration of Richard W. Anderson, together with its supporting exhibits, declared on August 27, 2018 ("Anderson Dec."); (2) the Supplemental Declaration of Richard W. Anderson, and accompanying exhibit, declared on August 28, 2018 ("Anderson Suppl. Dec."), (3) the Memorandum of Law in Support of Plaintiffs' Motions for a Temporary Restraining Order and Preliminary Injunction; and (4) the Complaint (collectively "Supporting Documentation").

Defendants' willful infringement of Plaintiff's famous trademarks, trade dress and other elements of the Tempur-Pedic brand is causing, and will continue to cause imminent irreparable harm such that notice and a hearing before the bedding industry's biggest sales weekend, Labor Day Weekend, is impractical.

Plaintiffs have filed an eight count Complaint against Defendants alleging violations of the Lanham Act, 15 U.S.C. § 1501, *et. seq.*, and other claims, for infringing Plaintiffs' valuable Tempur-Pedic trademarks, trade dress and other elements of its brand in conjunction with Defendants manufacture, distribution, use and sale of the competing Therapedic brand mattresses. After seeing Plaintiffs' state-of-the-art Pro-Adapt series mattresses at the world's largest industry tradeshow in January 2018, Mattress Firm, a former authorized seller of Tempur-Pedic products, teamed up with its Co-Defendants, to manufacture, import, distribute and sell mattresses that look exactly like Plaintiffs' Pro-Adapt mattresses. To further the confusion, Defendants also use the Therapedic trademark in a manner, previously never used, nearly identical to the Tempur-Pedic trademarks.

Mattress Firm also designed marketing materials that have the same "look and feel" and overall commercial impression as the Tempur-Pedic marketing materials. For example, Mattress Firm is setting up its stores to use a "gallery" format to showcase the infringing goods—a style that Mattress Firm used exclusively for Tempur-Pedic goods when it was an authorized retailer. It is also prominently displaying a version of the Therapedic trademark that is nearly identical in appearance to the Tempur-Pedic trademark, and using color schemes that further enhance the false notion that the authentic goods and the infringing products are one and the same.

48684261v.1 / 057740-000014

Contemporaneously with filing the Complaint, Plaintiffs have filed a Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 4.06 seeking to preliminarily enjoin the Defendants' infringing conduct.  Plaintiffs, however, to prevent imminent irreparable harm, seek this temporary relief in the interim.  As more fully set forth in the Supporting Documentation, Plaintiffs are suffering and will continue to suffer significant irreparable harm to its brand and goodwill by Defendants' intentional and willful infringement.  Plaintiffs' will suffer imminent *aggravated* irreparable harm to their valuable trademarks and other brand elements if Defendants are permitted to continue their infringing activities pending notice and the scheduling of a hearing on Plaintiffs' Rule 65(a) motion.  The Defendants, and in particular Mattress Firm (which is already subject to a prior injunction enjoining infringing uses of the Tempur-Pedic marks (*see* Anderson Dec., Ex. F)), would be infringing on Tempur-Pedic's rights during one of the bedding industry's biggest sales weekends, i.e., Labor Day.  Defendants have purposefully set up infringing gallery showcases in at least 60 Mattress Firm locations throughout the Tampa area.  Defendants are using the Tampa market over the all-important Labor Day sales weekend to "test" its product and product placement, with the intent to roll out its infringing gallery showcase to Mattress Firm loctions nationwide.  If successful this weekend, it is anticipated that its national rollout will happen imminently.  In fact, Mattress Firm is already offering the infringing Therapedic products nationally on its website.  Anderson Suppl. Dec., ¶¶ 5-6, 13.

Further, according to reliable industry sources, Mattress Firm is suffering from financial distress, and its parent company is mired in debt.  Anderson Suppl. Dec., ¶ 15.  Thus, Defendants are particularly incentivized to make the most of their infringing conduct

Case 8:18-cv-02147-VMC-SPF   Document 7   Filed 08/28/18   Page 4 of 6 PageID 74

over the extended weekend. Market watchers also anticipate a Mattress Firm bankruptcy filing just after Labor Day. If Plaintiffs are required to wait and give notice of a hearing on a motion for preliminary injunction, Defendants will no doubt seize upon an opportunity to use a bankruptcy filing to cause delay, allowing unfettered infringement in the market place until a lift from the automatic stay can be obtained. Thus, if Defendants are permitted to continue infringing over such an important industry weekend, the harm to Plaintiffs will be exacerbated and exaggerated. Every day Defendants are permitted to sell their deliberately confusingly similar product, aggravates the harm to Plaintiffs. *Id.*

Defendants' manufacture, offer, and sale of the confusingly similar Therapedic products is an obvious new and novel way to trade off Tempur-Pedic's goodwill among consumers. For these reasons, and the reasons and authorities set forth in Plaintiffs' Supporting Documentation, Plaintiffs' respectfully move this Court, pending the determination of Plaintiffs' motion for preliminary injunction, to temporarily restrain Defendants, and their employees, agents, partners, officers, directors, shareholders, related companies, affiliates, distributors, dealers and all persons in active concert or participation with any of them from:

(1) manufacturing, distributing, marketing, advertising, displaying, and/or selling any of the Therapedic mattresses complained of in the Supporting Documentation anywhere in the United States; and

(2) utilizing the Therapedic Mark (as that term is defined in the Supporting Documentation) on the website www.mattressfirm.com or at any Mattress Firm location in the United States.
4

Based on the willfulness of the infringement and the relative ease of complying with the injunction and minimal effect on Defendants in the interim, Tempur-Pedic additionally requests the Court to waive any bond requirement, or, in the alternative, set it at a minimal amount.

Given these aggravated circumstances, Plaintiffs' further request that this Court schedule a hearing on Plaintiffs' Motion for Preliminary Injunction as soon as practical within the requirements of Local Rule 4.06.

WHEREFORE, Plaintiffs, Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC, and Dan-Foam ApS respectfully request that this Court restrain Defendants Mattress Firm, Inc., Ther-A-Pedic Associates, Inc., Sinomax USA, Inc., and Sinomax Group Limited, and their employees, agents, partners, officers, directors, shareholders, related companies, affiliates, distributors, dealers and all persons in active concert or participation with any of them from:

(1)   Manufacturing, distributing, marketing, advertising, displaying, and/or selling any of the Therapedic mattresses complained of in the Supporting Documentation anywhere in the United States; and

(2)   Utilizing the Therapedic Mark (as that term is defined in the Supporting Documentation) on the website www.mattressfirm.com or at any Mattress Firm location in the United States.

Plaintiffs further request that this Court schedule a hearing as soon as permitted and practical on Plaintiffs' Motion for Preliminary Injunction, and grant any further relief deemed appropriate under the circumstances.

48684261v.1 / 057740-000014

Dated: August 28, 2018

Respectfully submitted,

*s/ Suzanne Barto Hill*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-mail: shill@rumberger.com (primary)
        docketingorlando@rumberger.com and
        shillsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

SARA S. WHITEHEAD, ESQUIRE
Florida Bar No. 0099218
E-mail: swhitehead@rumberger.com
        swhiteheadsecy@rumberger.com;
        docketingtpa@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
A Professional Association
100 North Tampa Street, Suite 2000
Post Office Box 3390
Tampa, Florida 33601-3390
Telephone: (813) 223-4253
Telecopier: (813) 221-4752
EDWARD F. MALUF, ESQUIRE
(*pro hac vice* admission pending)
JEREMY A. SCHACHTER, ESQUIRE
(*pro hac vice* admission pending)
Email: jschachter@seyfarth.com
Email: emaluf@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500

***Attorneys for Plaintiffs***

48684261v.1 / 057740-000014
11527170.1