**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TEMPUR-PEDIC NORTH AMERICA,
LLC; TEMPUR-PEDIC MANAGEMENT,
LLC; and DAN-FOAM ApS,

Plaintiffs,

vs.

CASE NO. 8:18-cv-02147-VMC-SPF

MATTRESS FIRM, INC.; THER-A-PEDIC
ASSOCIATES, INC.; SINOMAX GROUP
LIMITED, and SINOMAX USA, INC.,

Defendants.
_____/

## **PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiffs, Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC, and Dan-Foam ApS (collectively "Plaintiffs"), move for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 4.06 against Defendants, Mattress Firm, Inc., Ther-A-Pedic Associates, Inc., Sinomax USA, Inc., and Sinomax Group Limited (collectively "Defendants"). This motion is supported by (1) the Declaration of Richard W. Anderson, and accompanying exhibits, declared on August 27, 2018; (2) the Supplemental Declaration of Richard W. Anderson, and accompanying exhibit, declared on August 28, 2018, (3) the Memorandum of Law in Support of Plaintiffs' Motions for a Temporary Restraining Order and Preliminary Injunction; and (4) the Complaint (collectively "Supporting Documentation").

Plaintiffs have filed an eight count Complaint against Defendants alleging violations of the Lanham Act, 15 U.S.C. § 1501, *et. seq.*, and other claims, for infringing Plaintiffs'

valuable Tempur-Pedic trademarks, trade dress and other elements of its brand in conjunction with Defendants manufacture, distribution, use and sale of the competing Therapedic brand mattresses. As more fully set forth in the Complaint and supporting declarations of Richard W. Anderson, Plaintiffs are suffering and will continue to suffer irreparable harm to its valuable brand if Defendants' willful infringement is permitted to continue. After seeing Plaintiffs' state-of-the-art Pro-Adapt series mattresses at the world's largest industry tradeshow in January 2018, Mattress Firm, a former authorized seller of Tempur-Pedic products, teamed up with its Co-Defendants, to manufacture, import, distribute and sell mattresses that look exactly like Plaintiffs' Pro-Adapt mattresses. To further the confusion, Defendants also use the Therapedic trademark in a manner, previously never used, nearly identical to the Tempur-Pedic trademarks.

Mattress Firm also designed marketing materials that have the same "look and feel" and overall commercial impression as the Tempur-Pedic marketing materials. For example, Mattress Firm is setting up its stores to use a "gallery" format to showcase the infringing goods—a style that Mattress Firm used exclusively for Tempur-Pedic goods when it was an authorized retailer. It is also prominently displaying a version of the Therapedic trademark that is nearly identical in appearance to the Tempur-Pedic trademark, and using color schemes that further enhance the false notion that the authentic goods and the infringing products are one and the same.

The appearance of the Therapedic products and how they are displayed are virtually indistinguishable from the Tempur-Pedic products and how they are displayed. The trademarks and the trade dress are nearly, and confusingly, identical. Given the fame of

Tempur-Pedic, the history between the parties, and the egregious copying, Defendants are willfully infringing the Tempur-Pedic trademarks and trade dress, and the whole of the Tempur-Pedic brand.

Because Mattress Firm was an authorized retailer of Tempur-Pedic products for nearly twenty years—the self-described number one Tempur-Pedic bedding retailer in the country, no less—and because it continued in that role until just last year, consumers inevitably will be confused. Indeed, even a Mattress Firm salesperson in Gainesville was struck by the similarity of the Therapedic mattresses to Tempur-Pedic products. If a trained salesperson believes that they look similar, no doubt consumers will too. Consumers will believe that Mattress Firm is still an authorized seller of Tempur-Pedic products *when it is not*. They will enter Mattress Firm stores thinking Mattress Firm sells Tempur-Pedic products *when it does not*. And they will spend thousands of dollars at Mattress Firm to purchase products carrying the Therapedic name thinking they are Tempur-Pedic products *when they are not*. Consequently, Tempur-Pedic is being severely and irreparably harmed by the confusion Defendants are causing, as well as loss of sales, goodwill and control over its reputation. Accordingly, Plaintiffs respectfully ask this Court to enjoin Defendants' conduct.

The evidence in this matter establishes: (1) a substantial likelihood that Plaintiffs will succeed on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the Plaintiffs outweigh any harm that an injunction may cause the Defendants; and (4) that granting the injunction would not disserve the public interest. To the contrary, given the likelihood of consumer confusion, the public interest is disserved by not granting the injunction.

For these reasons, and the arguments, authorities and facts set forth in the Supporting Documentation, Plaintiffs respectfully move this Court to enter a preliminary injunction enjoining Defendants and their employees, agents, partners, officers, directors, shareholders, related companies, affiliates, distributors, dealers and all persons in active concert or participation with any of them from:

(1)   making any use whatsoever of the Tempur-Pedic Brand (as that term is defined in the Supporting Documentation) or any other trade names, trademarks, or trade dress that are likely to cause confusion with the Tempur-Pedic Brand, including, but not limited to, the manners complained of and depicted photographically in the Supporting Documentation or variations thereof, in connection with the sale, offering for sale, distribution, promotion, or advertisement of mattresses or other bedding products; and

(2)   representing by any means whatsoever, directly or indirectly, that Defendants, any goods or services offered by Defendants, or any activities undertaken by Defendants, are associated, authorized by, or connected in any way with Plaintiffs.

WHEREFORE, Plaintiffs Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC, and Dan-Foam ApS respectfully request that this Court enter a preliminary injunction enjoining Defendants Mattress Firm, Inc., Ther-A-Pedic Associates, Inc., Sinomax USA, Inc., and Sinomax Group Limited, and their employees, agents, partners, officers, directors, shareholders, related companies, affiliates, distributors, dealers and all persons in active concert or participation with any of them from:

(1)   making any use whatsoever of the Tempur-Pedic Brand (as that term is defined in the Supporting Documentation) or any other trade names, trademarks, or trade

dress that are likely to cause confusion with the Tempur-Pedic Brand, including, but not limited to, the manners complained of and depicted photographically in the Supporting Documentation or variations thereof, in connection with the sale, offering for sale, distribution, promotion, or advertisement of mattresses or other bedding products; and

(2) representing by any means whatsoever, directly or indirectly, that Defendants, any goods or services offered by Defendants, or any activities undertaken by Defendants, are associated, authorized by, or connected in any way with Plaintiffs.

Plaintiffs further request that this Court grant any additional relief deemed appropriate under the circumstances.

Dated: August 28, 2018                                          Respectfully submitted,

*s/ Suzanne Barto Hill*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-mail:  shill@rumberger.com (primary)
             docketingorlando@rumberger.com and
             shillsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133

SARA S. WHITEHEAD, ESQUIRE
Florida Bar No. 0099218
E-mail:  swhitehead@rumberger.com
             swhiteheadsecy@rumberger.com;
             docketingtpa@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
A Professional Association
100 North Tampa Street, Suite 2000

Post Office Box 3390
Tampa, Florida  33601-3390
Telephone:  (813) 223-4253
Telecopier:  (813) 221-4752

EDWARD F. MALUF, ESQUIRE
(*pro hac vice* admission pending)
JEREMY A. SCHACHTER, ESQUIRE
(*pro hac vice* admission pending)
Email:  jschachter@seyfarth.com
Email: emaluf@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Telephone:  (212) 218-5500

***Attorneys for Plaintiffs***