UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TEMPUR-PEDIC NORTH AMERICA,
LLC, TEMPUR-PEDIC MANAGEMENT,
LLC, and DAN-FOAM APS,

    Plaintiffs,

v.                                    Case No. 8:18-cv-2147-T-33SPF

MATTRESS FIRM, INC.,
THER-A-PEDIC ASSOCIATES, INC.,
SINOMAX GROUP LIMITED, and
SINOMAX USA INC.,

    Defendants.
_____/

### ORDER

This matter comes before the Court upon consideration of Plaintiffs Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC, and Dan-Foam ApS's Motion for Temporary Restraining Order (Doc. # 7) and Motion for Preliminary Injunction (Doc. # 8), both filed on August 28, 2018. For the reasons that follow, the Court denies the Motion for Temporary Restraining Order and refers the Motion for Preliminary Injunction to the Magistrate Judge for the issuance of a Report and Recommendation.

**I.   Discussion**

Plaintiffs initiated this action on August 28, 2018, alleging violations of the Lanham Act, 15 U.S.C. § 1501 *et*

*seq.*, and other trade dress, trademark dilution, and unfair competition claims against Defendants. (Doc. # 1). In short, Plaintiffs allege Defendants "infring[ed] Plaintiffs' valuable Tempur-Pedic trademarks, trade dress and other elements of its brand in conjunction with Defendants' manufacture, distribution, use and sale of the competing Therapedic brand mattresses." (Doc. # 7 at 2).

Also, on August 28, 2018, Plaintiffs filed a Motion for Temporary Restraining Order (Doc. # 7), a Motion for Preliminary Injunction (Doc. # 8), and a Memorandum in Support of both Motions (Doc. # 9). Along with those Motions, Plaintiffs filed a declaration and a supplemental declaration of Tempur-Pedic's Executive Vice President & President of North America, Richard W. Anderson. (Doc. ## 10-11). Plaintiffs insist that a temporary restraining order is necessary because the upcoming Labor Day weekend is "one of the bedding industry's biggest sales weekends" and allowing Defendants to sell the allegedly infringing mattresses over this weekend would result in "loss of control and dilution of Tempur-Pedic's valuable trademarks and brand, and loss of its goodwill with the Tampa-area and national consuming public." (Doc. # 7 at 2).

On the basis of the Complaint (Doc. # 1), the Motion for Temporary Restraining Order (Doc. # 7), Memorandum in Support (Doc. # 9), and declarations (Doc. ## 10-11), this Court finds that Plaintiffs have not met their initial burden for the issuance of a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 and Middle District of Florida Local Rule 4.05.

A court may issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The movant bears the burden of establishing entitlement to a temporary restraining order." Edwards v. Cofield, No. 3:17-CV-321-WKW, 2017 WL 2255775, at *1 (M.D. Ala. May 18, 2017)(citing Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001)).

"Before addressing whether [Plaintiffs have] met this four-prong showing, however, the Court must first consider whether [Plaintiffs have] shown adequate justification for

failing to give notice to [Defendants]." Emerging Vision, Inc. v. Glachman, No. 10-80734-CIV, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), report and recommendation adopted, No. 10-80734-CIV, 2010 WL 3293351 (S.D. Fla. Aug. 11, 2010). A court may issue a temporary restraining order without notice to the adverse parties or their attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

"To obtain *ex parte* relief, a party must strictly comply with these requirements. They are not mere technicalities, but establish minimum due process." Emerging Vision, Inc., 2010 WL 3293346, at *3 (citations and internal quotation marks omitted). A plaintiff cannot evade the requirements of Rule 65(b)(1) and "obtain an *ex parte* restraining order by merely pointing to the merits of its claims. Indeed, such an argument would swallow Rule 65(b)(2)'s requirement that the court consider not only the 'need for the restraining order,' but also 'the need for proceeding *ex parte*.'" Adobe Sys., Inc. v.

S. Sun Prod., Inc., 187 F.R.D. 636, 641 (S.D. Cal. 1999)(citations omitted).

Here, Plaintiffs have submitted the sworn supplemental declaration of Anderson to satisfy Rule 65(b)(1)(A). (Doc. # 11). But Plaintiffs' counsel has not filed a certification as required under Rule 65(b)(1)(B). See Kazal v. Price, No. 8:17-cv-2945-T-23AAS, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017)(denying motion for temporary restraining order in part because "[t]he plaintiffs' attorneys fail[ed] to submit an affidavit certifying an effort to notify [the defendant] about the motion and fail[ed] to explain the necessity for an *ex parte* order").

Furthermore, no mention is made in the Motion or Memorandum of any efforts to notify Defendants about the temporary restraining order Plaintiffs seek. See Thomas-McDonald v. Shinseki, No. CV 113-050, 2013 WL 12121316, at *1 (S.D. Ga. Apr. 3, 2013)(denying motion for temporary restraining order in part because the certification filed by Plaintiff's counsel "did not discuss good faith efforts to provide the individual Defendants with notice"); see also Wildman v. Wildman, No. 8:16-cv-1268-T-27MAP, 2016 WL 9223822, at *1 (M.D. Fla. May 26, 2016)(denying motion for temporary restraining order where "Plaintiff [did] not

5

provide[] any indication that she . . . made any effort to give notice to Defendant" and noting that "informal notice may be permitted in lieu of formal service").

And, while the Motion asserts Plaintiffs "will suffer imminent aggravated irreparable harm to their valuable trademarks and other brand elements . . . pending notice and the scheduling of a hearing" on the Motion for Preliminary Injunction, this assertion is insufficient. The Court is not satisfied with the claim that, because there is no time for notice and a hearing before Defendants' Labor Day sale, Plaintiffs' responsibility to even attempt to give notice of its Motion for Temporary Restraining Order is absolved. In short, Plaintiffs' counsel has not provided a sufficient certification concerning efforts at giving notice and why notice should not be required. See Nuclear Care Partners, LLC v. Nuclear Care Providers, LLC, No. CV 112-070, 2012 WL 12883230, at *1 (S.D. Ga. May 7, 2012)(denying motion for temporary restraining order and noting that "Plaintiff's counsel has failed to certify in writing the reasons why notice should be excused under the circumstances of this case").

Therefore, Plaintiffs have not established that a temporary restraining order should be granted *ex parte*.

Plaintiffs' "failure to provide the information required under Rule 65(b)(1)(B) is fatal to its request for TRO without notice." Living v. Merscorp Inc., No. 1:10-CV-3410-JEC-JFK, 2010 WL 11552958, at *3 (N.D. Ga. Oct. 26, 2010), report and recommendation adopted, No. 1:10-CV-3410-JEC, 2010 WL 11553003 (N.D. Ga. Dec. 17, 2010). The Court is mindful that "'[a]n *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution,' and the Court is unwilling to permit use of this extreme remedy in light of these deficiencies." Thomas-McDonald, 2013 WL 12121316, at *1 (quoting Levine v. Comcoa Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995)). The Motion for Temporary Restraining Order is denied.

Additionally, for the sake of judicial economy and to expedite the proceedings, the Court refers the Motion for Preliminary Injunction (Doc. # 8) to the Honorable Sean P. Flynn, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for an evidentiary hearing and the issuance of a Report and Recommendation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC, and Dan-Foam ApS's Motion for Temporary Restraining Order (Doc. # 7) is **DENIED.**

7

(2) Plaintiffs' Motion for Preliminary Injunction (Doc. # 8) is referred to the Honorable Sean P. Flynn, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for an evidentiary hearing and the issuance of a Report and Recommendation.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of August, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE