```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

TEMPUR-PEDIC NORTH AMERICA, LLC,
ET AL.,

                Plaintiffs,
v.                                Case No. 8:18-cv-2147-T-33SPF

MATTRESS FIRM, INC., ET AL.,

                Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Mattress Firm, Inc.'s Suggestion of Bankruptcy (Doc. # 93), which was filed on October 5, 2018. "On October 5, 2018, a voluntary petition was filed in the United States Bankruptcy Court for the District of Delaware . . . by Mattress Firm, Inc. (Case No. 18-12241-BLS)." (Id.). Pursuant to 11 U.S.C. § 362(a), all matters asserted in this case against Mattress Firm, the debtor, are automatically stayed. And, as explained below, the Court exercises its discretion to also stay the case as against the non-bankrupt defendants.

**Analysis**

Under Landis v. North American Co., 299 U.S. 248, 254 (1936), courts have the power to exercise their inherent discretion to stay a case when doing so will promote judicial efficiency and not harm any party. Courts have exercised this discretionary power to enter a case-wide stay where the absent debtor defendant is essential to a just and complete resolution of the case. See, e.g., Fiddler's Creek LLC, 2010

Bankr. Lexis 5715 (Bankr. M.D. Fla. Sept. 15, 2010)(extending automatic stay to include non-bankrupt officer of the debtor); Fed. Life Ins. Co. v. First Fin. Grp. of Tex., Inc., 3 B.R. 375, 376 (Bankr. S.D. Tex. 1980)(staying pre-petition civil action against debtor and non-debtor co-defendants because the allegations "are inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding" and allowing case to proceed "would not be conducive to judicial economy and would unduly hinder the efforts of the Bankruptcy Court").

The Complaint alleges, among other things: "[Mattress Firm] is a former authorized seller of Tempur-Pedic products. [Mattress Firm]'s rights to sell Tempur-Pedic products expired in early 2017. [Mattress Firm], however, did not cease selling Tempur-Pedic products at that time. Instead, it improperly continued to sel Tempur-Pedic products without authorization. [Mattress Firm] stopped its improper activity only after Tempur-Pedic brought suit [i]n the Southern District of Texas." (Doc. # 1 at ¶ 1).

After dissolution of their nearly 20-year business relationship, Mattress Firm and Tempur-Pedic's legal battles continued, resulting in the present action, which was filed on August 28, 2018. Tempur-Pedic now claims that Mattress Firm has conspired with non-bankrupt Defendants Ther-A-Pedic Associates, Inc., Sinomax USA, Inc., and Sinomax Group Limited to sell "confusingly similar products under the 'Therapedic'

name, [which] copy[] the look and feel of the entire Tempur-Pedic brand and consumer experience." (Id.). Tempur-Pedic fears that consumers "will spend thousands of dollars at [Mattress Firm] to purchase products carrying the 'Therapedic' name thinking they are Tempur-Pedic products *when they are not.*" (Id.)(emphasis in original).

The Complaint contains eight counts, each asserted against all Defendants. The Complaint does not seek any separate relief against the non-bankrupt Defendants. The sole basis, if any, for recovery from the non-bankrupt Defendants would be based on the very same facts alleged against Mattress Firm. The Court finds that the allegations against the bankrupt and non-bankrupt entities are inextricably interwoven and present common questions of fact and law, such that this action cannot proceed against the non-bankrupt Defendants without Mattress Firm. And, if this matter were to proceed here as to the non-bankrupt Defendants, and in the Bankruptcy Court as to Mattress Firm, duplicative discovery, multiple hearings and inconsistent results could ensue, causing inefficiency and piecemeal litigation. These unusual circumstances warrant a stay of present action in its entirety pending the resolution of Mattress Firm's bankruptcy case.

**ORDERED, ADJUDGED,** and **DECREED:**

This case is **STAYED** and **ADMINISTRATIVELY CLOSED.** No further action will be taken in this case until such time as the bankruptcy court lifts the stay or the stay lapses. The

parties are directed to file a status report regarding the bankruptcy proceedings by February 4, 2019, and every 120 days thereafter.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of October, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE